

# Fourth Court of Appeals
## San Antonio, Texas

## JUDGMENT

No. 04-11-00550-CV

**BP AMERICA PRODUCTION COMPANY**,
Appellant

v.

Carlos M. **ZAFFIRINI** Sr., Dolores Angelina De la Garza, Clarissa De La Garza, Cristina Lorena Benavides, Servando Roberto Benavides, Delia Hilda Benavides Martinez, Maria Eugenia Benavides Gutierrez, Las Tinajas Minerals, Ltd., and Diana Solis,
Appellees

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2010CVF000798D1
The Honorable Joe Lopez, Judge Presiding

BEFORE CHIEF JUSTICE STONE, JUSTICE MARION, AND JUSTICE ALVAREZ

In accordance with this court's opinion of this date, we act as follows:

For purposes of this judgment, "Zaffirini Lessors" consists of Carlos M. Zaffirini Sr., Dolores Angelina De la Garza, Clarissa De La Garza, Cristina Lorena Benavides, Servando Roberto Benavides, and Delia Hilda Benavides Martinez; "Jones Lessors" consists of Maria Eugenia Benavides Gutierrez and Las Tinajas Minerals, Ltd.; and "Lessors" consists of the Zaffirini Lessors and the Jones Lessors.

*Declaratory-Judgment Action, Contract, Additional Damages, Attorney's Fees Claims*

We REVERSE the portions of the trial court's judgment that grant Lessors' traditional summary judgment motions; that award damages, additional damages, and attorney's fees to Lessors; and that deny BP's no-evidence summary judgment motions on Lessors' claims against BP for breach of contract, attorney's fees, breach of obligation of good faith and fair dealing, and additional damages under lease section 36.14.

We REVERSE the portion of the judgment that denies BP's declaratory-judgment claim, including its claim for court costs and attorney's fees and RENDER judgment that the Zaffirini lease requires a $1,750.00 per acre bonus payment, BP fulfilled that obligation, BP does not owe

Lessors any further bonus payment, Lessors are not entitled to attorney's fees for breach of contract, and BP is the prevailing party in the declaratory-judgment action.

We RENDER judgment that Lessors take nothing on their claims against BP for breach of contract, attorney's fees and costs, breach of obligation of good faith and fair dealing, and additional damages under section 36.14.

### *Fraud, Gross Negligence, Promissory-Estoppel Claims*

We AFFIRM the trial court's denial of BP's no-evidence summary judgment motion on the Zaffirini Lessors' affirmative defenses of nonreliance.

We AFFIRM the trial court's denial of BP's traditional summary-judgment motion and REVERSE the trial court's grant of the Zaffirini Lessors' and Jones Lessors' traditional and no-evidence summary judgment motions on BP's claims against Lessors for fraud, fraudulent inducement, and fraud by nondisclosure.

We REVERSE the trial court's denial of BP's no-evidence summary judgment motions against Lessors' claims that BP committed fraud and gross negligence.

We RENDER judgment that Lessors take nothing on their claims against BP for fraud, gross negligence, and exemplary damages.

We AFFIRM the trial court's grant of Lessors' traditional summary judgment motions and its denial of BP's traditional summary judgment motion on BP's promissory-estoppel claim against Lessors.

### *BP's Waived Claims*

We AFFIRM the trial court's denial of BP's traditional summary judgment motion and its grant of Lessors' no-evidence summary judgment motions against BP's claims that Lessors breached the lease agreement, breached Lessors' implied duty to cooperate, committed fraudulent concealment, and engaged in negligent misrepresentation, and against BP's action to receive a *Kothmann* lease extension.

### *Lessors' Affirmative Defenses*

We REVERSE the trial court's denial of BP's no-evidence summary judgment motion challenging Lessors' affirmative defenses of estoppel, promissory estoppel, quasi-estoppel, lack of diligence, comparative negligence, contractual disclaimer, waiver, acquiescence, and release.

We RENDER judgment granting BP's no-evidence summary judgment motion challenging Lessors' affirmative defenses of estoppel, promissory estoppel, quasi-estoppel, lack of diligence, comparative negligence, contractual disclaimer, waiver, acquiescence, and release.

### *Diana Solis*

We AFFIRM the trial court's grant of Diana Solis's summary judgment motion against BP's claims and its award to her of attorney's fees.

*Costs*

We tax court costs for trial and appeal against Lessors.

*Remaining Matters*

We REMAND the cause to the trial court to reconsider its ruling on attorney's fees in the declaratory-judgment action in light of our disposition of this case, s*ee State Farm Lloyds v. C.M.W.*, 53 S.W.3d 877, 894 (Tex. App.—Dallas 2001, pet. denied) ("It is appropriate to award attorney's fees to the prevailing party in a declaratory-judgment action if the trial court believes such fees to be reasonable and necessary and the award of such fees to be equitable and just."), and for further proceedings consistent with this opinion on BP's remaining claims against Lessors for common-law fraud, fraudulent inducement, and fraud by nondisclosure.

SIGNED August 30, 2013.

Patricia O. Alvarez, Justice